

# NUMBER 13-14-00523-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**DAVID ROBERTSON,**        **Appellant,**

**v.**

**OKSANA ROBERTSON,**        **Appellee.**

### On appeal from the 148th District Court
### of Nueces County, Texas.

# ORDER REFERRING CASE TO MEDIATION

The Court has determined that this case should be referred to mediation prior to briefing. TEX. CIV. PRAC. & REM. CODE ANN. §§154.001-.073 (Vernon 2005). Accordingly, it is **ORDERED** that this case be mediated under the following terms and conditions:

1. The parties must promptly agree upon a mediator and, within **seven days** of this Order, notify the Court in writing of the name and address of the mediator selected. If the parties are unable to agree upon a mediator, they must so notify the Court within the **seven day** period and the Court will appoint a mediator.

2.  All parties must confer with their mediator within **seven days** of the date of this Order, or in the case of a court appointed mediator, within **seven days** of the appointment of the mediator, to establish a date and place for the mediation.  The parties shall agree on a date for the mediation that is consistent with the mediator's schedule and is no later than **six weeks** after the date of this Order.  In the event the parties cannot agree on a date, the mediator shall select and set a date.  The mediator shall notify the Court of the date selected for the mediation.

3.  In the discretion of the mediator, each party may be required to provide a confidential memorandum and/or information sheet setting forth the issues of the case and their positions on these issues.  Additionally, upon request of the mediator, the parties shall produce all information the mediator deems necessary to understand the issues of the case.  The memorandum and/or information sheet and other information produced to the mediator will not be made a part of the file in this case and will be destroyed by the mediator at the conclusion of the mediation proceeding.

4.  All parties to this matter or their authorized representatives, accompanied by their counsel, must appear and attend the mediation proceeding.

5.  Mediation is a mandatory, non-binding settlement conference conducted with the assistance of a mediator.  The mediation proceeding will be confidential within the meaning of the Texas Civil Practice and Remedies Code sections 154.053 and 154.073.  *See* TEX. CIV. PRAC. & REM. CODE ANN. §§154.053-.073 (West 2011).

6.  Unless otherwise agreed, the mediation proceeding will not be recorded.

7.  The mediator will negotiate a reasonable fee with the parties.  The mediator's fee will be borne equally by the parties unless otherwise agreed by the parties, and will be paid directly to the mediator.  If the parties do not agree upon the fee requested by the mediator, the Court will set a reasonable fee, which shall be taxed as costs.  TEX. CIV. PRAC. & REM. CODE ANN. §154.054 (West 2011).

8.  Within **two days** after the conclusion of the mediation, the mediator shall certify to this Court as follows:  (a) whether the parties appeared as ordered, (b) whether the case settled, and (c) whether the mediation fees were paid in accordance with the Court's order or as otherwise agreed by the parties.

9.  If mediation fully resolves the issues in this case, the parties must file a joint or agreed motion seeking dispositive relief, within **seven days** of the

conclusion of the mediation. If the parties need more time to effectuate the terms of the settlement agreement, they must within **seven days** of the conclusion of mediation, file a joint or agreed motion for an extension of time to file their disposition motion.

It is **FURTHER ORDERED** that this appeal will be stayed until the completion of the mediation.

**WITNESS** the Honorable Rogelio Valdez, Chief Justice of the Court of Appeals, 13th Court of Appeals District, at Corpus Christi - Edinburg, Texas.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at my office this 1st day of October, 2014.

DORIAN E. RAMIREZ, CLERK
Thirteenth Court of Appeals

*Dorian E. Ramirez*